# United States District Court
## EASTERN DISTRICT OF WISCONSIN

## COURT MINUTES

HON. **William E. Callahan, Jr.**, presiding.  Deputy Clerk: Katina

DATE: **January 31, 2013**  Court Reporter:

CASE NO. **13-M-441**  Time Called: 4:41:44

UNITED STATES v. **Robert Dobbertin**  Time Concluded: 5:13:47

PROCEEDING: **Initial Appearance**

UNITED STATES by: **Gordon Giampietro**

    Probation Officer: Patti Buchholz

    Interpreter:

DEFENDANT: **Robert Dobbertin**, in person, and by

ATTORNEY: Chloe Akers

---

Court received Petition for action on conditions of pretrial release from District of Kansas.  Attached is an Order for issuance of warrant.

Alleged violated conditions of pretrial release.  Purpose is to advise deft of this and what if any conditions of bond are appropriate.

Govt:

- advises court of status of case in Kansas
- charged on 2 count indictment
- In pretrial posture.  No trial date yet.
- violation of use of computer (contacted a minor over the internet)
- possess child porn
- resides in WI on courtesy supervision
- living here with sister
- under rule 32.1, burden is on deft to show by clear and convincing evidence not a risk of flight or danger to community
- concern is correlation between what he's charged with and new misconduct. Concealed this from probation.
- suggest detention

Court asks since he is on pretrial release, does rule 32.1 apply?  Govt states may be Rule 40.

Court states decision to have bond revoked should be handled by judge in Kansas.

Here to decide what conditions of bond, if any, are appropriate pending returning to Kansas.

Defense:

- alleged violations fall into first category and should go back in front of judge who issued bond
- where is the authority coming from for this court to detain deft
- has car
- receives unemployment benefits
- has federal defender in Kansas
- has hearing on 4/15/13 in Kansas
- he reported his violations
- was living in half way house.  Can go back there so will have place to live.
- suggest release and instructed to go back to Kansas

Govt:

- no question warrant issued in Kansas is lawful basis which deft was taken into custody
- cites rule 5 as proof why this can be addressed here.  This is the proper venue.
- there is no question case is properly before this court and no question on authority.
- question is should be released or stay in custody of marshal

Defense:

- very little danger to community
- no risk of flight
- feel is relevant he reported his violations

Govt:

- suggests he may have been released to come to WI since residence in Kansas may not have been adequate and he may not have a place to stay
- don't feel has an adequate place to stay in Kansas

Defense:

- could not be released to house with kids.  Was released to half way house.
- asked to have supervision transferred to WI since living in the halfway house was too stressful
- living with sister here and where alleged violations took place
- feel should be sent back to half-way house.  Spend the night at sisters and go back to Kansas.
- doesn't feel detention is necessary to get deft back to Kansas

Pretrial points out deft was on location monitoring so would that continue if he's released?

Courts comments before ruling:

- satisfied standard is met and there are no combination of conditions.

- can't keep him off the internet.

- not sure he would have called probation officer to report violations if an adult wouldn't have gotten on the phone

Court orders deft be detained and respond to petition in Kansas.

Defense clarifies court is detaining him as a result of that violation. Court says yes.

Deft asks for deft to be temporarily detained and stay in custody of US Marshal.

Court orders him temporarily detained pending appearance before judge in Kansas.

Govt does not object to this but notes believe has found the proper rule - Rule 40 - must rule under rule 5(c) as applicable. Courtesy supervision makes it confusing.

Govt is seeking detention and wants judge in Kansas to handle it.

**SO ORDERED. Deft is detained and will be transported back to Kansas.**